IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 25, 2025 Session

## AJIT C. DESAI v. B. G. NAIK TRUST ET AL.

**Appeal from the Chancery Court for Hamilton County**
**No. 18-0515  Pamela A Fleenor, Chancellor**

———————————————————

**No. E2024-00873-COA-R3-CV**

———————————————————

This appeal stems from a partition lawsuit. The real property at issue was sold at auction. The issues on appeal are whether Appellants have an ownership interest in the property and the proceeds from partition sale, and whether the trial court properly allocated the proceeds between the rightful owners. We reverse the trial court regarding ownership and hold that Appellants own one-half of the property. We affirm the trial court's allocation of the funds from the partition sale.  We vacate the trial court's judgment as to whether Appellants' attorneys' fees should be paid from the partition proceeds and remand this issue for reconsideration in light of our Court's determination of ownership.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Affirmed in Part, Vacated in Part, and Remanded.**

VALERIE L. SMITH, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and KRISTI M. DAVIS, JJ., joined.

Ira M. Long, Chattanooga, Tennessee, for the appellants, B.G. Naik Trust, a Testamentary Trust; Kirit B. Naik, as Trustee of the B.G. Naik Trust; Gaurang Naik, as Trustee of the B.G. Naik Trust; and Malti B. Naik, as Trustee of the B.G. Naik Trust.

John P. Konvalinka, Chattanooga, Tennessee, for the appellee, Ajit C. Desai.

# OPINION

## I. FACTUAL AND PROCEDURAL BACKGROUND

We begin by noting that the underlying facts of this case are lengthy, complex, and include decades of ancillary lawsuits and protracted litigation dating back to 2001.[1] As the trial court aptly observed: "These Parties are neither strangers to litigation nor to each other." For the sake of clarity, we have endeavored to limit our discussion of the facts and procedural history contained in the appellate record to those relevant to the specific issues now before us.

In 1987, Appellee, Ajit C. Desai, and his business partner, B.G. Naik, purchased commercial property located at 402, 406, 410, and 414 Scruggs Road in Chattanooga, Tennessee (the "Property") as tenants in common.[2] They utilized the properties primarily for business space and rental income. In addition to owning the Property as tenants in common, Mr. Desai and Mr. Naik also separately owned a business named Nita Enterprises, d/b/a Supreme Products ("Nita"). Mr. Desai and Mr. Naik were equal owners of Nita, with Mr. Naik serving as the President of the organization. Over the years, Mr. Desai became almost solely responsible for the business operations of Nita.

After purchasing the Property, Mr. Desai and Mr. Naik moved Nita to a building on the portion of the Property located at 406 Scruggs Road. Nita rented this building from Mr. Naik and Mr. Desai. Nita agreed to pay property taxes and payments on the mortgage for the Property. At the time Mr. Desai and Mr. Naik purchased the Property, there was also a second building located on the Property at 414 Scruggs Road.

Eventually, Mr. Desai and Mr. Naik decided to build a third building on the Property – Building 3 – 402 Scruggs. Mr. Desai oversaw the construction of this new building. The

---

[1] Prior to this case, Mr. Naik and Mr. Desai were involved in litigation regarding the corporation. The opinion on this matter held: ("this ruling does not affect the claims that: . . . (2) that the estate of B.G. [Naik] is entitled to 50% of the rents on property owned as tenants in common with Ajit Desai."). After the shareholder derivative litigation concluded, Plaintiff stopped distributing rent to Mr. Naik or his successor. Pursuant to the Trial Court's order, the Property was sold at auction in August of 2020, and $787,550.63 was deposited into the Registry of the Clerk & Master.

[2] Mr. Naik was once Mr. Desai's father-in-law. Specifically, Mr. Desai was married to Mr. Naik's daughter – Malti Naik. Mr. Desai and Malti Naik later divorced. Malti Naik is the only Appellant participating in this appeal.

trial court found that on August 17, 1990, Mr. Naik and Mr. Desai entered into an agreement related to this new project. The agreement set forth the following:

> "It is negotiated and agreed upon between Mr. B.G. Naik and Ajit Desai for the new Building erected at 402 Scruggs Rd, Chatt-TN that due to extra personal attention, time & efforts by Mr. Desai-is eligible for $20,000 as his Compensation. This amount will not be paid to him until we sell the building to a 3rd Party OR If one of the partners buys it then money will be adjusted accordingly. This Compensation money will accrue a 10% int. per annum."

On August 4, 1997, Nita borrowed $110,000.00 from AmSouth Bank (now Regions Bank) as a line of credit secured by a deed of trust on the Property. The deed of trust was signed by Mr. Naik and Mr. Desai as mortgagors of the Property.

Mr. Naik and Mr. Desai later constructed a fourth building on the Property located at 406 1/2 Scruggs Road (eventually 410 Scruggs Road). On January 15, 1998, Mr. Desai and Mr. Naik entered into a second "Compensation Agreement" related to the construction on this portion of the Property. The agreement was set forth on Supreme Products letterhead, and stated: "It is Discussed, negotiated & agreed between Mr. B.G. Naik and Ajit C. Desai for the Building just Built at location 406 1/2 Scruggs Road."

Mr. Naik died testate in 2004. Pursuant to the terms of Mr. Naik's will (the "Will"), he left his portions of his estate to the B.G. Naik Trust (the "Trust"), which was established in the Will. The Will devised all properties passing under Item V to the Trust, including real estate and the Property at issue in this litigation.

In 2018, Mr. Desai filed a complaint against the Trust and its Trustees ("Appellants") for partition of the Property. In addition to the sale of the Property, Mr. Desai sought reimbursement for several expenses he incurred over the years in maintaining the Property, as well as for payment under the Compensation Agreements.

Shortly before trial, Mr. Desai asserted for the first time that the Trust was never funded, did not possess any property, and that the Trust did not exist. As such, Mr. Desai reasoned that the Trust could not be injured, and so the Trustees lack standing to bring any counterclaim on behalf of the Trust. The Trustees argued that Mr. Naik's co-tenancy interest in the Property passed to the Trust by virtue of the Will, which was a valid testamentary will.

The partition suit was tried over the course of four days beginning on May 30, 2023, and ending on October 12, 2023. During the bench trial, the court heard proof from three witnesses – Mr. Desai, Malti Naik, and Nisha Daniel. Ultimately, the trial court ordered the Property, and the equipment on the Property, to be sold at public auction on August 20,

2020.  The net proceeds from the auction were $787,550.63, which were deposited into the Registry of the Clerk and Master into an interest-bearing account.  The trial court found this amount to represent the fair market value of the Property.

Regarding Appellants' contentions that Mr. Desai should not recoup any of his alleged expenses or under the Compensation Agreements, the trial court found Mr. Desai's "proof to be more persuasive."  The trial court noted that the Appellants had not been in charge of the business ventures at issue – Mr. Desai had been. The court, therefore, determined that it was difficult for the Appellants, who had not been involved in the daily operations of the business, to understand what transpired.

Regarding ownership of the Property, the court agreed with Mr. Desai, concluding that the Trust did not exist because it did not contain any identifiable trust property.  In particular, the court indicated that the Property should have been transferred to the Trust by deed. The trial court also entered judgment in favor of Mr. Desai on other off-sets and claims for reimbursement. The trial court affirmed its order and denied Appellants' motion to alter or amend by Order entered June 6, 2024. A Notice of Appeal was filed by Appellants on June 13, 2024.

## II.  ISSUES PRESSENTED FOR REVIEW

Appellants' brief lists the following issues for our review, which we have slightly revised and consolidated:

1.  Whether the trial court erred in determining a testamentary trust can only receive property through a will by deed, thereby finding that the Trust was not an owner of the Property subject to this partition action?

2.  Whether the trial court erred in permitting Mr. Desai to assert a right to funds in a partition action based on a contract claim that has been barred due to failure to be timely asserted following the death of the counterparty?

3.  Whether the trial court erred in permitting Mr. Desai to offset rents owed to his co-owner against expenses incurred through a separate business enterprise?

4.  Whether the trial court erred in rejecting Appellants' request for attorneys' fees to be paid from the partition funds?

Appellee raises the following additional issue in his brief:

- 4 -

5. Whether Appellee is entitled to his attorney's fees on appeal?

## III.  STANDARD OF REVIEW

On appeal, we review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise.  *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.,* 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). "[O]ur review of the court's legal conclusions is *de novo* with no presumption of correctness." *Harris for Richey v. Richey*, No. M2021-00331-COA-R3-CV, 2021 WL 6054819, at *4 (Tenn. Ct. App. Dec. 21, 2021) (citing *In re Estate of Fletcher*, 538 S.W.3d 444, 448 (Tenn. 2017)).

When it comes to live, in-court witnesses, appellate courts should afford trial courts considerable deference when reviewing issues that hinge on the witnesses' credibility because trial courts are "uniquely positioned to observe the demeanor and conduct of witnesses." *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). "[A]ppellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary." *Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn. 1999); *see also Hughes v. Metro. Gov't of Nashville & Davidson Cnty.*, 340 S.W.3d 352, 360 (Tenn. 2011). In order for evidence to be clear and convincing, it must eliminate any "serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *State v. Sexton*, 368 S.W.3d 371, 404 (Tenn. 2012) (quoting *Grindstaff v. State*, 297 S.W.3d 208, 221 (Tenn. 2009)). Whether the evidence is clear and convincing is a question of law that appellate courts review de novo without a presumption of correctness. *Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 515 (Tenn.), *cert. denied*, 571 U.S. 894 (2013) (citing *In re Bernard T*, 319 S.W.3d 586, 596-97 (Tenn. 2010)); *Kelly v. Kelly*, 445 S.W.3d 685, 692-93 (Tenn. 2014).

# IV. LAW AND ANAYSIS

## A. OWNERSHIP OF THE PROPERTY

1. *Whether the trial court erred in determining a testamentary trust can only receive property through a will by deed, thereby finding that the Trust was not an owner of the Property subject to this partition action?*

At the end of the partition hearing, Mr. Desai made an oral motion to dismiss Appellants' counter-claims pursuant to Rule 41.02 of the Tennessee Rules of Civil Procedure. Mr. Desai argued that the Trust was never funded. According to Mr. Desai, the Trust had no identifiable property – so it did not exist, could not be injured, and the Trustees had no standing to bring any counterclaims on behalf of the Trust. As such, throughout his appellate brief Mr. Desai references the Trust as a "non-existent trust," meaning that Appellants (as Trustees of this non-existent trust) had no standing to bring their counterclaims. He concurrently moved to amend the pleadings to conform to the evidence, asserting that Appellants were not proper parties/defendants to the lawsuit because they had no ownership interest in the Trust.

In its order, the trial court agreed with Mr. Desai, relying generally on the premise that a trust must be the owner of "identifiable trust property" as an essential element of its existence, and determining that the Property never properly passed to the Trust and could not be the "identifiable trust property" that established the Trust. The trial court based its conclusion primarily on Tennessee Code Annotated section 35-15-402(d), providing that "Assets capable of registration, such as real estate . . . are transferred to the trust through the recording of the deed . . . ." Thus, the court reasoned, "[t]he real property of a testate decedent vests immediately upon death in the beneficiaries named in the will," and "Tenn. Code Ann. 32-5-109 requires the will to be registered with the register of deeds to establish the title to the property." See Tenn. Code Ann. 31-2-103. Due to the lack of any deed transferring Mr. Naik's co-tenancy interest in the Property to the Trust, the trial court concluded that Appellants "failed to demonstrate the Trust owns any interest in the Property."

In general, a trust creates a fiduciary relationship where a settlor devises identifiable property into a separate legal entity and an appointed person, the trustee, holds legal title to property for the benefit of another, the beneficiary, pursuant to obligations imposed by the settlor. *Kopsombut-Myint Buddhist Center v. State Bd. of Equalization*, 728 S.W.2d 327, 333 (Tenn. Ct. App. 1986). The Tennessee Uniform Trust Code, codified in title thirty-five, chapter fifteen, part four of the Tennessee code, governs the creation, administration, and termination of trusts. *See generally*, *Harvey, ex rel. Gladden v. Cumberland Trust and Inv. Co.*, 532 S.W.3d 243 (Tenn. 2017).

We agree with the trial court that a valid trust requires identifiable trust property, among other things. *See* Tenn. Code Ann. § 35-15-401(a). However, Tennessee law recognizes two principal categories of express trusts: *inter vivos* trusts, created and operative during the settlor's lifetime, *and testamentary trusts*, which arise by operation of a valid will and take effect only upon the testator's death. Tenn. Code Ann. § 35-15-401(a)(1).

The Trust at issue in this case is testamentary in nature. It is not – as Mr. Desai argues and the trial court held – required to be created or funded in the same way that an inter vivos (or lifetime) trust is. The creation of a testamentary trust is dependent upon the will through which it is created. *Id*. The will creating the trust must be executed in compliance with the Wills Act, Tenn. Code Ann. § 32-1-101 et seq., and must be admitted to probate before the trust activates. *In re Estate of Wilson,* 680 S.W.3d 220, 231-32 (Tenn. Ct. App. 2023). Upon probate of a valid will, legal title to the designated trust property passes to the trustee.

The Trust in this case was created by Mr. Naik's valid, probated will. Mr. Naik's co-tenancy in the Property, which was transferred immediately – without a deed – by virtue of the terms of Mr. Naik's will and the trust provisions therein, then became the "identifiable trust property" necessary to fund the Trust. Thus, we conclude that upon Mr. Naik's death, Mr. Naik's ownership interest in the Property was devised to the Trust. As such, the Trust is entitled to an equitable distribution of the proceeds from the partition by sale. *See Parker v. Lambert,* 206 S.W.3d 1 (Tenn. Ct. App. 2006) (citing Tenn. Code Ann. § 29-27-217) ("The rights of the parties shall be settled by the judgment or decree of the court, and the proceeds divided in accordance therewith."). We therefore reverse the trial court's holding that Appellants had no standing to participate in the partition suit.

### B. ALLOCATION OF PARTITION PROCEEDS

2. *Whether the Trial Court erred in permitting Mr. Desai to assert a right to funds in a partition action based on a contract claim that has been barred due to failure to be timely asserted following the death of the counterparty?*

As discussed above, ownership of the Property is only half of the puzzle before us. The second piece of this puzzle requires the Court to consider the parties' arguments regarding the amount of the partition proceeds to which they are entitled. There appears to be no dispute among the parties that co-tenants share the benefits and burdens related to real property equally. See *Parker*, 206 S.W. 3d 1 (Tenn. Ct. App. 2006). Appellants, however, disagree with the amount of money that the trial court determined was owed to Mr. Desai for the burdens he incurred related to the Property.

Mr. Desai asserted a claim for the Compensation Agreements, discussed above, between himself and Mr. Naik for work completed on buildings 3 and 4 by Mr. Desai in 1990 and 1998. According to the agreements, Mr. Desai would be paid out of proceeds upon the sale of the Property. Appellants argue that since the agreements do not contain language that granted Mr. Desai security interest in the Property, these agreements became a personal obligation of Mr. Naik and subject to a claim in Mr. Naik's estate. Mr. Desai did not submit a claim in Mr. Naik's estate. Therefore, according to Appellants, his claims are now time-barred.

The trial court held that the claims related to Mr. Desai's Compensation Agreements were issues of contract construction. The Trial Court found that the Compensation Agreements were not ambiguous contracts and that they provided, "This amount will not be paid to [Mr. Desai] until we sell the building to a 3rd Party OR If one of the partners buys it then money will be adjusted accordingly." The Trial Court further concluded that Desai's compensation was based on his work for Buildings 3 and 4 and was to be paid out of sale proceeds from Building 3 and 4's respective sales, which were sold in the court-ordered partition sale. The Compensation Agreements did not create a personal obligation of Naik but were instead tied to the sale of two buildings.

We agree with the trial court that, pursuant to the Compensation Agreements, the obligation to pay Mr. Desai for his efforts in constructing buildings 3 and 4 on the Property did not become due until the Property was sold in the court-ordered partition sale. This issue is without merit.

3. *Whether the Trial Court erred in permitting Mr. Desai to offset rents owed to his co-owner against expenses incurred through a separate business enterprise?*

Appellants next assert that the trial court erred in crediting Mr. Desai for various expenses and set-offs that would affect the allocation of funds between Mr. Desai and the Trust. In their brief, Appellants argue that "the record establishes they are entitled to half of the net rents, in the amount of $158,462.00, reimbursement of their attorneys' fees, and half of the remaining proceeds after allowing for the reimbursement of [Mr. Desai's] attorneys' fees." The trial court concluded that Mr. Desai has proven that the $36,292.00.00 collected in rents from the Property should be offset against expenses in the amount of $900,000.00. Appellants argue, however, that Mr. Desai's additional claims were for unsubstantiated and speculative expenses, including credit card and loan payments, that he made on behalf of the Property.

The trial court heard testimony regarding the parties' arguments related to these numerous offsets, including reimbursement for a loan payment to Regions Bank for $106,000. According to Appellants, Mr. Desai failed to show how the proceeds were used

to benefit the Property, Mr. Naik or his successors. Likewise, Appellants asserted that Mr. Desai's claim for a property tax reimbursement was not supported by any evidence in the record and does not support that the taxes were for personal property of Mr. Naik or his successor rather than Nita Enterprises.

As stated previously, the trial court has inherent statutory authority to adjust equities and settle all disputes between parties in a partition action. The trial court found that Mr. Desai's expenses were credible and related to the Property. Further, after four days of testimony, the trial court determined that Appellants did not rebut Mr. Desai's expenses and claims with anything other than speculation. Under a section titled "Credibility," the trial court found Mr. Desai's proof on these matters to be "more persuasive," and that Appellants were not the ones "running Nita Enterprises . . . like Mr. Desai was. It is difficult for a party who is not involved in the day-to-day operations of the business to understand what transpired." Such credibility determinations are entitled to great deference on appeal.

Our review of the record supports the trial court's determinations related to the allocation of the partition sale proceeds. We affirm this issue.

4. *Whether the Trial Court erred in rejecting Appellants' request for attorneys' fees to be paid from the partition funds?*

Pursuant to Tennessee Code Annotated section 29-27-121, the trial court has the discretion to determine whether a party's attorney fees should be paid from the proceeds of the partition sale. Appellants assert that their attorneys' fees should be paid – or reimbursed to them – from the proceeds of the sale. The trial court allowed Mr. Desai's attorney's fees to be paid from the proceeds. In light of our holding in favor of Appellants and reversing the trial court's determination of ownership, we vacate the portion of the judgment declining to allow fees for Appellants' counsel to be paid from the sale proceeds, and we remand this matter for further consideration by the trial court.

## C. FEES ON APPEAL

5. *Whether Mr. Desai is entitled to his attorney's fees on appeal?*

Unless required by statute or agreement, Tennessee litigants are responsible for their attorney's fees. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000)). Whether to award attorney's fees on appeal is solely within the discretion of this Court. *Cooper v. Cooper*, 704 S.W.3d 784, 807 (Tenn. Ct. App. July 22, 2024).

Upon due consideration, we decline Father's request for attorney's fees on appeal.


## V. CONCLUSION

For the foregoing reasons, we reverse the trial court regarding ownership of the Property and hold that Appellants, as owners, have standing to participate in this action. We affirm the allocation of the funds from the partition sale. We vacate the trial court's judgment as to whether Appellants' attorneys' fees should be paid from the partition proceeds and remand this issue for reconsideration in light of our determination of ownership. Mr. Desai's request for attorney's fees on appeal is denied. Costs on appeal are taxed to one-half to Appellants and one-half to Appellee, for which execution may issue if necessary.


s/ Valerie L. Smith_____
VALERIE L. SMITH, JUDGE